**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |
|---|
| **TD MILLER**, |
| Plaintiff, |
| v. |
| **FERRELLGAS, INC., FERRELLGAS PARTNERS, L.P., FERRELLGAS, L.P., KEVIN McCARTHY, and STEVEN FUCHS**, |
| Defendants. |

Docket No. 2:25-cv-6106 (JXN) (SDA)

**WHEREAS OPINION AND ORDER**

March 20, 2026

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court by way of the Motion for Leave to File a Second Amended Complaint (the "Motion") filed by Plaintiff TD Miller ("Plaintiff") (ECF Nos. 25-27); and Defendants Ferrellgas, Inc., Ferrellgas Partners, L.P., Ferrellgas, L.P., Kevin McCarthy, and Steven Fuchs (collectively, "Defendants") having opposed the Motion (ECF No. 28); and

**WHEREAS,** Plaintiff filed his initial Complaint in Union County Superior Court on April 28, 2025. (ECF No. 1-2). On April 30, 2025, while the action was still proceeding in state court, Plaintiff filed his First Amended Complaint, which is the operative complaint. (ECF No. 1-3). Defendants removed this case to federal court on May 29, 2025. (ECF No. 1).

**WHEREAS,** on June 20, 2025, Defendants filed a pre-motion letter seeking to file a motion to dismiss. (ECF No. 4). In response, Plaintiff advised the Court that he intended to file a motion to amend. (ECF No. 6). On July 16, 2025, District Judge Julien Xavier Neals ordered Plaintiff to file his motion to amend within 10 days. (ECF No. 7). At the request of Plaintiff (ECF

1

Nos. 11, 13, 15), this deadline was extended several times until August 11, 2025, August 18, 2025, August 25, 2025 and, finally, November 13, 2025. (ECF Nos. 12, 14, 16, 24). Plaintiff ultimately filed the instant Motion for Leave to File a Second Amended Complaint on November 17, 2025. (ECF Nos. 25-27).

**WHEREAS**, Plaintiff seeks leave to file a Second Amended Complaint to "further illuminate the harm Plaintiff has experienced as a result of Defendant's retaliatory conduct" (ECF No. 27 at 11). The proposed Second Amended Complaint does not add any additional causes of action, but seeks to add a new defendant, Frank Moreira and some relatively minor factual bases for the claims against the three individual Defendants. (ECF No. 25-1).

**WHEREAS,** motions to amend filed prior to the entry of a pretrial scheduling order are governed by Fed. R. Civ. P. 15, which requires the court to "freely give leave when justice so requires." The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 1984). These factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F. 3d 140, 149-50 (3d Cir. 2017). However, the most important factor is prejudice to the non-moving party. *Id.* (citation and quotation omitted).

**WHEREAS**, Defendants' primary basis for opposing the Motion is futility. (ECF No. 28). However, Defendants do not focus their arguments on Plaintiff's proposed amendments. (*Id.*).

2

Rather, Defendants' opposition concentrates entirely on the defects of Plaintiff's First Amended Complaint. (*Id.*). Beyond arguing that Plaintiff's claims in the First Amended Complaint are futile, Defendants' opposition alleges that Defendants Ferrellgas Partners, L.P. and Ferrellgas, L.P. were fraudulently joined. (*Id.* at 10). However, this argument is irrelevant to the motion to amend, because Defendants Ferrellgas Partners, L.P. and Ferrellgas, L.P. were already named as defendants in this existing complaint, and the proposed amendment therefore has nothing to do with them. (ECF No. 1-3). Defendants cannot attack the merits of claims asserted in the operative complaint under the guise of opposing a motion to amend on futility grounds. *Danise v. Saxon Mortg. Servs., Inc.*, No. 15-6062 (JLL) (JAD), 2016 WL 4769733, at *8 (D.N.J. Sept. 12, 2016) (noting that the Court must only consider whether the "amendment itself is futile, not the claims in the original Complaint," and that "[a]ny allegations included in [the] original complaint are not reviewable in the context" of a motion to amend (emphasis in original)). Defendants' opposition did not specifically address the merits of Plaintiff's limited proposed amendments, including the addition of proposed defendant Frank Moreira. Notably, Defendants do not argue that the amendment  was filed after undue delay or in bad faith, nor do they allege undue prejudice or repeated failures to cure deficiencies. Stated simply, Defendants do not challenge the amendment, they challenge the merits of the operative complaint, but that is improper in the context of a motion to amend.

**WHEREAS,** an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637-642 (2d ed. 1990)). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory*

3

*Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Futility arguments are dispositive arguments that are better suited for consideration in the context of a motion to dismiss. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-cv-0785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citations omitted) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.").

**WHEREAS,** the Court, therefore, declines to address Defendants' dispositive arguments (to the extent they are even applicable to Plaintiff's proposed Second Amended Complaint) in the context of a motion to amend. Instead, Defendants may raise these arguments in a motion to dismiss following the filing of Plaintiff's Second Amended Complaint. *See James v. Superior Ct. of N.J.*, No. 21-cv-16769, 2022 WL 4449382, at *2 (D.N.J. Sept. 22, 2022); *S.M. v. Freehold Reg'l High Sch. Dist. Bd. Of Educ.*, No. 22-cv-107, 2022 WL 4226354, at *3 (D.N.J. Sept. 13, 2022); *Travelers Cas. & Sur. Co. v. Becton Dickinson & Co.*, No. 14-cv-4410, 2017 WL 349376, at *2 (D.N.J. Jan. 24, 2017).

**WHEREAS,** the Court further finds no undue delay, bad faith, or undue prejudice in light of the procedural history of this litigation, as explained briefly above. The Court does not find that Plaintiff unduly delayed seeking amendment of the Complaint. Although Plaintiff had one prior amendment, the First Amended Complaint was filed two days after the filing of Plaintiff's initial complaint, prior to the case being removed. (ECF No. 1-3). Further, there is no prejudice in terms of prolonging the discovery process because discovery has not yet commenced. Finally, the Court does not find that there is any indication of bad faith; and for good cause shown:

**IT IS**, on this **20th** day of **March**, **2026**, hereby **ORDERED** as follows:

1.  Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 25) is

**GRANTED**.

2. Plaintiff shall file a clean copy of the Second Amended Complaint no later than **March 27th, 2026**.

3. Defendants shall respond to the Second Amended Complaint within the time frame required by applicable Court Rules.

4. The Clerk is directed to terminate the Motion pending at ECF No. 25.

5. By **April 3, 2026**, Defendants shall submit a certification setting forth Frank Moreira's domicile so that the Court may ascertain whether complete diversity still exists or remand is appropriate.

**SO ORDERED.**

*/s Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**

Orig: Clerk
cc: Parties
Hon. Madeline Cox Arleo, U.S.D.J.