# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

October 5, 2026

**LETTER OPINION & ORDER**

Re: *Miller v. Ferrellgas, Inc.*
Civil Action No. 25-6106 (JXN)(SDA)

Dear Parties:

Before the Court is Defendants Ferrellgas, Inc., Ferrellgas Partners, L.P., Ferrellgas, L.P., Kevin McCarthy, Steven Fuchs, and Frank Moreira (collectively, "Defendants") motion to dismiss Plaintiff TD Miller's ("Plaintiff") complaint. (ECF No. 38.) For the following reasons, the motion is **DENIED** and this matter is **REMANDED**.

Because federal courts have "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party asserting jurisdiction has the burden of showing it exists "at all stages of the litigation." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). The Court strictly construes removal statutes "against removal" and resolves all doubts in favor of remand. *Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 379 (D.N.J. 2024). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

Defendants assert the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Notice of Removal, ECF No. 1.)

Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* "[T]he citizenship of a limited partnership is the same as the citizenship(s) of all of its partners, including its limited partners." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

When Defendants removed this case in June 2025, their Notice of Removal did not adequately allege jurisdiction. (*See* Notice of Removal.) Though Defendants alleged the Court had diversity jurisdiction, Defendants did not identify the citizenship of the members of Ferrellgas Partners, L.P. or Ferrellgas L.P. (together, "Partnership Defendants"). (*See id.* ¶¶ 19–20.)

Nor did Defendants promptly file a diversity disclosure statement. Federal Rule of Civil Procedure 7.1(a)(2) requires that, in any diversity action, each party "must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party."

Defendants first filed a diversity disclosure statement four months after removal (*see* First Diversity Disclosure Statement ("DDS"), ECF No. 21), and only in response to an October 20, 2025 Order from Magistrate Judge Adams directing Defendants to identify the citizenship of the Partnership Defendants' members (Oct. 20, 2025 Order, ECF No. 19.)

The first diversity disclosure statement did not disclose the members of the Partnership Defendants. (*See* First DDS.) Instead, Defendants asserted the Partnership Defendants were fraudulently joined and:

> The limited partners include unitholders which are constantly changing and therefore difficult to list. *See Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108-109 (3rd Cir. 2015) (defendants not obligated to preliminarily list all members of limited partnership given difficulty identifying them).

(*Id.* at 1.) Judge Adams rejected both contentions in an October 30, 2025 Order, stating:

> [T]he argument that the [Partnership] Defendants were fraudulently joined . . . has no bearing on the Court's need to ascertain their citizenships for purposes of determining whether the Court has jurisdiction. Further, Defendants' reliance upon *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) reflects a misreading of that case, which instructed that a party should be given an opportunity to conduct discovery concerning an *adversary's* citizenship for the purposes of diversity jurisdiction when the *adversary's* citizenship is not readily ascertainable. That holding in no way excuses a party from setting forth *its own* citizenship. The additional argument, that "[t]he limited partners include unitholders which are constantly changing and therefore difficult to list," is without merit. Defendants chose to remove this case to this Court.

(Oct. 30, 2025 Order, ECF No. 22.) Judge Adams directed Defendants to comply with her earlier Order and identify the citizenship of the Partnership Defendants. (*Id.*) Defendants did not appeal Judge Adams' order.

Defendants filed a second diversity disclosure statement on July 31, 2026.[1] (*See* Second DDS, ECF No. 55.) The second diversity disclosure statement flouts Judge Adams' prior orders.

[1] Initially, Judge Adams gave Defendants until November 7, 2025 to identify the citizenship of the Partnership Defendants. (*See* Oct. 30, 2025 Order.) She held that deadline in abeyance after Plaintiff moved to amend his

It is identical to the first diversity disclosure statement. (*Id.*) It regurgitates the same argument about fraudulent joinder and the same misreading of *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) as before. (*See id.*) And it does not identify the Partnership Defendants' citizenship.

Parties who bring cases in federal court must follow federal court rules and obey federal court orders. In the sixteen months since Defendants removed this case to this Court, they have done neither, leaving the Court without the ability to determine whether it may hear this matter. Because Defendants refuse to identify their own citizenship despite multiple court orders directing them to do so, Defendants do not meet their burden of showing jurisdiction exists. *Samuel–Bassett*, 357 F.3d at 396. Remand is, therefore, warranted. *Cf. Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 13-3915, 2014 WL 1056498, at *4 (D.N.J. Feb. 25, 2014) ("Defendants failed to satisfy their burden when they failed to provide the Court with the citizenship of each of Hayden Asset's members and, for this additional reason, this case must be remanded.").

Accordingly, Defendants' motion to dismiss (ECF No. 38) is **DENIED** and this matter is **REMANDED**.[2]

**SO ORDERED.**

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

complaint. (*See* Nov. 5, 2025 Order, ECF No. 24.) After Judge Adams granted Plaintiff's motion, she reinstated the deadline and gave Defendants until July 31, 2026 to comply with her prior orders. (*See* July 23, 2026 Order, ECF No. 51.)

[2] The Court, however, retains "jurisdiction to impose Rule 11 sanctions on litigants and attorneys appearing before it even if the [C]ourt is subsequently determined to have lacked subject matter jurisdiction over the claim in which the sanctionable conduct occurred." *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000).